[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married in Shelton, Connecticut on June 21, 1957. All children who were legal issue of the marriage have reached the age of majority.
The court has jurisdiction in that the plaintiff has lived continuously in the State for at least one year immediately prior to the commencement of this action.
The marriage has broken down irretrievably and there is no reasonable prospect for reconciliation.
A decree of dissolution of the marriage shall enter.
In acting on the parties' requests as to the property division and alimony as asserted in the complaint and the cross complaint, the court must be guided by the following considerations, as set forth in sections 46b-81 and -82 C.G.S.: CT Page 4903
 ". . . the length of the marriage, the causes for the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties."
The court will not set forth its analysis of each and every factor, however the following factual findings are set forth to elucidate the conclusions reached.
The defendant has recently undergone a bankruptcy that was the culmination of many years of borrowing to support a style of life beyond his earnings as an insurance broker. He testified that he has lost some major insurance accounts and that he has been severed from his relationship with a major insurance carrier that was the source of much of his income. That severance, which resulted from his placing business with another carrier in contravention of his contract, has led to a dispute as to the validity of a noncompetition agreement limiting his activities in the market where he has the best likelihood of selling insurance. At the time of trial, the defendant had not resolved this issue, which will affect his prospects of restoring his own business' profitability or being able to accept employment as a commission salesman with another agency.
Over the course of the marriage, the plaintiff has been more committed to financial responsibility than the defendant. Initially a schoolteacher, she operated a private nursery in a building purchased with money given to her by her family and operated by her without contributions from the defendant. When the defendant was at wit's end trying to run a travel agency in addition to his insurance business, she undertook to run the travel agency in addition to her nursery school. She managed to pay off most of the debts her husband had incurred in that business and, after approximately three years of effort, she improved the travel agency business to the extent that she was able to sell it in December 1990 for $25,000. From 1986 to 1990, the defendant contributed neither labor nor financial support to that business.
The plaintiff has shown herself to be a skilled businesswoman, however the record is devoid of any evidence of her annual earnings before her present employment as a manager for a limousine service, a job at which she earns $400.00 per week in gross earnings. As with the defendant's employment, the court has no sufficiently firm basis to project what the plaintiff's future employment prospects will be, and all the financial orders are necessarily made CT Page 4904 strictly on the basis of the parties' present circumstances, as set forth in their financial affidavits and testimony. It appears that both parties have chosen to put off maximizing their earnings during the pendency of this action.
Though the plaintiff has objected to the defendant's frequent borrowing, she has in fact been the sharer of the style of life which it supported and has retained expensive personal property paid for by the defendant, notably a fur coat and a diamond with a total value of $11,000.
The note to Mechanics and Farmers Bank listed as a liability on the defendant's financial affidavit was not, according to the defendant, signed by the plaintiff, nor did she agree to the transaction or receive any benefit from it.
The marital residence, purchased with the equity from a prior house bought with a downpayment supplied by the plaintiff's father, has been lost to foreclosure because of loans obtained by the defendant.
Upon consideration of all of the statutory factors in view of all the evidence, the court further orders as follows:
1. The defendant shall transfer to the plaintiff any interest he has in the property known as 15 Crowley Street, Ansonia. The plaintiff shall indemnify and hold the defendant harmless as to any obligations, including the mortgage, relating to this property.
2. The plaintiff shall pay to the defendant the sum of $5,500.00 representing an equitable division of the value of the personal property accumulated by the parties during the marriage and retained by the plaintiff.
3. The defendant shall pay the plaintiff the $3,350 arrearage in pendente lite alimony.
4. The defendant shall pay the plaintiff alimony in the amount of $1.00 per year. No alimony is awarded to the defendant.
5. The parties shall be responsible for and shall hold each other harmless as to the liabilities listed on each of their financial affidavits. The plaintiff shall be responsible only for half of any amount due to the Internal Revenue Service as to taxes for the year 1988. The defendant shall have sole responsibility for any debts or liabilities incurred by him and omitted from his financial affidavit. CT Page 4905
6. The defendant shall indemnify and hold the plaintiff harmless as to any liability arising from the Mechanics and Farmers mortgage to which he signed her name, and for any expenses she may incur in defending herself from claims as to that transaction.
7. The parties shall be responsible for their own counsel fees.
8. The plaintiff's maiden name, Patricia Cavallaro, is hereby restored to her.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT